771 F.2d 460
 Richard E. McDONALD and Fred L. Engle d/b/a Resource Service
Company, and Nancy L. Stewart and Fred L. Engle
d/b/a Resource Service Company,
Plaintiffs-Appellees,
v.
William P. CLARK, Secretary of the United States Department
of the Interior, and Glenna M. Lane, Chief, Oil and Gas
Section, Wyoming State Office, Bureau of Land Management,
Department of the Interior, Defendants-Appellants.
Donald W. COYER and Fred Engle d/b/a Resource Service
Company, Plaintiffs-Appellees,
v.
William P. CLARK, Secretary of the Interior, United States
Department of the Interior; J. Roe, Wyoming State
Office, Bureau of Land Management,
United States Department of
the Interior, Defendants,
Alfred L. Easterday, Defendant-Appellant.
 Nos. 84-1700, 84-1702 and 84-1794.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 28, 1985.
 
 William B. Lazarus, Atty., Dept. of Justice, Washington, D.C. (F. Henry Habicht, II, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., Richard A. Stacy, U.S. Atty., for the D. Wyo., F. Lee Pico, Asst. U.S. Atty., for the D. Wyo., Cheyenne, Wyo., Robert L. Klarquist and Janet L. Steckel, Attys., Dept. of Justice, Washington, D.C., with him on briefs), for defendants-appellants U.S. Dept. of Interior.
 Morton J. Schmidt of Schmidt & Associates, Ltd., Milwaukee, Wis., for defendant-appellant Alfred L. Easterday.
 Wayne E. Babler, Jr., Milwaukee, Wis. (Thomas W. Ehrmann and Charles A. Grube, Milwaukee, Wis., with him on briefs) of Quarles & Brady, Milwaukee, Wis., for plaintiffs-appellees.
 Daniel H. Israel and Dante L. Zarlengo of Cogswell and Wehrle, Denver, Colo., submitted a brief amicus curiae for Internorth, Inc.
 Before McKAY and DOYLE, Circuit Judges, and BROWN, District Judge.*
 McKAY, Circuit Judge.
 
 
 1
 The issue in this case is whether the district court exceeded its authority when it ordered the Secretary of the Interior to issue oil and gas leases to the appellees.
 
 
 2
 The history of these cases is long and complex. The Secretary offered the land at issue for leasing, pursuant to his authority under the Mineral Lands Leasing Act.[1] 30 U.S.C. Sec. 226. Because the land was not within a known geological structure (KGS), the bidding for the lease was non-competitive in that the first qualified applicant would be entitled to the lease. 30 U.S.C. Sec. 226(c).
 
 
 3
 The applications of the appellees in this case were the first drawn for the particular leases for which they had applied, but the Secretary determined that the appellees were not qualified because the filing service which they had used had the right under the service agreement to participate in the disposition of any lease obtained. In a series of decisions, the Department of the Interior Board of Land Appeals held that the agreement between RSC, the filing service, and its clients violated the rules prohibiting multiple filings by one party and prohibiting parties not revealed on the entry form from holding an interest in the leases. While RSC had filed a disclaimer purportedly disclaiming its rights under the agreements, the Board held the disclaimers invalid. The Secretary therefore refused to issue leases to the appellees, and to numerous other persons who had used the filing service.
 
 
 4
 The district court affirmed the Secretary's actions in five separate decisions. This court reversed the decisions in two opinions. Coyer v. Watt, 720 F.2d 626 (10th Cir.1983); Geosearch, Inc. v. Watt, 721 F.2d 694 (10th Cir.1983). We held, following the District of Columbia Circuit opinion in Lowey v. Watt, 684 F.2d 957 (D.C.Cir.1981), that the RSC disclaimers were valid and therefore the agreement did not disqualify the applicants from being the first qualified drawees. We therefore remanded the case to the district court with the direction that first-drawn lease offers be reconsidered in light of our opinion.
 
 
 5
 The district court, on remand, ordered the Secretary to issue the leases to the first drawees, including the appellees in this case. The Secretary filed a motion for reconsideration requesting that the court amend its order to direct the Secretary only to process the applications of the plaintiffs, whom he must now consider to be first qualified applicants for the leases. The Secretary argued that he retained the discretion to decide not to lease the land at all, and that the district court had therefore erred in ordering him to issue the leases. The district court overruled the government's motion without opinion. The Secretary therefore issued the leases under protest, including a caveat indicating that the case was on appeal to this court and, should the government prevail, the leases would be revoked.[2]
 
 
 6
 The issue in this case is thus whether the Secretary has the discretion to withdraw a lease from noncompetitive leasing even after he has determined the first qualified applicant, and whether this court's prior order restricted whatever discretion he may have had.
 
 
 7
 It is clear that the Secretary has broad discretion in this area. While the statute gives the Secretary the authority to lease government lands under oil and gas leases, this power is discretionary rather than mandatory.[3] As the Supreme Court has noted,
 
 
 8
 Although the Act directed that if a lease was issued on such a tract, it had to be issued to the first qualified applicant, it left the Secretary discretion to refuse to issue any lease at all on a given tract.
 
 
 9
 Udall v. Tallman, 380 U.S. 1, 4, 85 S.Ct. 792, 795, 13 L.Ed.2d 616 (1964). The fact that land has been offered for lease does not bind the Secretary to actually lease the land, nor is the Secretary bound to lease the land when a qualified applicant has been selected. As one court has stated, "an application for lease, even though first in time or drawn by lot from among simultaneous offers, is a hope, or perhaps expectation, rather than a claim." Schraier v. Hickel, 419 F.2d 663, 666 (D.C.Cir.1969). Thus, even where an application for a lease is both first in time and filed in response to a government notice that it will receive offers, no legal claim against the government arises. Arnold v. Morton, 529 F.2d 1101, 1106 (9th Cir.1976); Schraier, 419 F.2d at 667. Rather, the Secretary may withdraw land from leasing at any time before the actual issuance of the lease, even if the offer was filed long before the determination not to lease was made. Arnold, 529 F.2d at 1106; Schraier, 419 F.2d at 665-67.
 
 
 10
 The regulations confirm the Secretary's authority to withdraw a parcel of land from leasing at any time prior to the issuance of the lease. See 43 C.F.R. Secs. 3110.3(a), 3112.5-2(b). Indeed, the regulations require the Secretary to withdraw land from noncompetitive leasing if, prior to the time the lease is issued, the Secretary determines that the land under the lease offer is part of a known geological structure. 43 C.F.R. Secs. 3110.3(a), 3112.5-2(b).
 
 
 11
 The appellees argue that the litigation regarding these leases precludes the Secretary from exercising whatever discretion he otherwise would have had both because he did not plead absolute discretion to refuse to issue a lease as an affirmative defense in his answer and because of law of the case. The complaint in this case stated that where land offered for lease is not within a known geological structure it must be offered to the first qualified applicant, and challenged the Secretary's determination that the plaintiffs were not qualified applicants. Thus, the only issue in the litigation was whether the appellees were qualified. The Secretary's discretion, under the statute, to withdraw lands from leasing entirely is not a defense going to the appellees' qualifications. Rather, it is an issue unrelated to the issues litigated in the prior proceeding. Thus, the Secretary did not need to raise, as a defense to the action challenging his determination that the plaintiffs were unqualified applicants, his discretion under the statute to withdraw land from leasing entirely if it turns out to be within a known geological structure.
 
 
 12
 Law of the case does not, contrary to the appellees' assertions, mandate a different conclusion. We did not, in our prior decision, hold that the appellees were entitled to a lease under all circumstances. Rather, we held only that the agreement between RSC and its clients did not disqualify the appellees from receiving leases and remanded for reconsideration of those first drawn lease offers in light of our conclusion that they were not disqualified by virtue of their agreement with RSC. We did not withdraw from the Secretary the discretion to choose not to lease the land at issue. Indeed, given the discretion granted to the Secretary by the statute and the regulations, it would have been inappropriate for this court to do so.
 
 
 13
 In addition, such a decision would have undermined the policies behind the Mineral Lands Leasing Act, which seeks to ensure that land within known geological structures is properly and efficiently mined. The regulations and the statute provide that land within known geological structures shall be leased on a competitive basis to further this goal. When the Secretary determined prior to the time the lease was issued that this land was within a known geological structure, he was obliged to withdraw those lands from leasing. The fact that the qualifications of the applicants had been through litigation did not alter or diminish his discretion in this regard.
 
 
 14
 The parties, through the course of this litigation, did not obtain any rights greater than those they would have had had the Secretary not mistakenly rejected them as unqualified. As discussed, a first qualified applicant is entitled to obtain the lease only if the Secretary chooses to issue it. It does not have an absolute right to force the Secretary to issue the lease. The fact that the Secretary made a mistake of law when he rejected their applications as unqualified "does not raise [their] hope or expectation of a lease to a vested right." Arnold, 529 F.2d at 1106.
 
 
 15
 In summary, we conclude that the district court exceeded its authority when it ordered the Secretary to issue the leases in question. The order went beyond the scope of our order on remand, which required only that the first drawn offers be reconsidered in light of the determination that they were not disqualified by virtue of their agreement with RSC, and was improper in light of the Secretary's statutory discretion to determine that the land should not be issued for lease at all.
 
 
 16
 Our opinion does not, however, invalidate those leases which the Secretary, after exercising his discretion, chose to issue without protest. Thus, the appeal of Mr. Easterday, the second drawee for the lease since issued to Mr. Coyer, must be dismissed. The Secretary originally appealed the district court's order to issue a lease to Mr. Coyer because the Secretary wished to review the lands at issue to see whether they were within known geological structures. However, during the pendency of the appeal the Secretary determined that those lands were not within a known geological structure, exercised his discretion, and issued the lease to Mr. Coyer as the first qualified applicant for that lease. The government then requested that the court dismiss its appeal as to the Coyer lease, and this court did so. Mr. Easterday has not challenged the Secretary's exercise of his discretion. Rather he challenges only the district court's order as improperly limiting that discretion. Because the Secretary has exercised his discretion and issued the lease to Mr. Coyer, Mr. Easterday's challenge to the district court's order is moot.
 
 
 17
 The district court's order that the Secretary issue the leases in question is reversed, and the case is remanded for reconsideration in light of this decision. The appeal of Mr. Easterday is dismissed.
 
 
 
 *
 Honorable Wesley E. Brown, Senior Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 Section 17 of the Mineral Lands Leasing Act provides:
 (a) All lands subject to disposition under this chapter which are known or believed to contain oil or gas deposits may be leased by the Secretary.
 (b) If the lands to be leased are within any known geological structure of a producing oil or gas field, they shall be leased to the highest responsible qualified bidder by competitive bidding under general regulations ...
 (c) If the lands to be leased are not within any known geological structure of the producing oil or gas fields, the person first making application for the lease who is qualified to hold a lease under this chapter shall be entitled to a lease of such lands without competitive bidding.
 30 U.S.C. Sec. 226.
 
 
 [2]
 While the Secretary originally appealed the district court's order as to all of the leases involved in the litigation, it has since withdrawn its appeal regarding all but the land for which the appellees were the first drawees. Pending the appeals, the government conducted a review of all of the lands at issue to ascertain whether they were within known geological structures of producing oil and gas fields. The Bureau of Land Management found that all but the two parcels involved in this appeal were not within known geological structures and, after reviewing the first drawees' applications, the Secretary exercised his discretion and issued the remaining leases without protest. The appeals concerning those parcels were therefore dismissed as moot. The Bureau found, however, that the parcels for which the appellees were the first drawees are within known geological structures and are therefore inappropriate for non-competitive leasing. See 30 U.S.C. Sec. 226(b)
 
 
 [3]
 The statute provides that lands "which are known or believed to contain oil or gas deposits may be leased by the Secretary." 30 U.S.C. Sec. 226(a) (emphasis added)